UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

Probate Proceeding, Miscellaneous and
Accounting Proceedings in the Estate of

MARGARET A. McKEOWN,

                              Deceased

-------------------------------------------------X

**08 CIV. 5914**
**Surrogate's  Court Westchester County**
**File No. 2239/2003**

**MOTION TO REMAND**

**For Referral to the Hon. Shira A.**
**Scheindlin as related to**
**08 CIV 2391 (SAS)**

S I R S:

PLEASE TAKE NOTICE, that upon the annexed Affidavit of Thomas K. Lindgren

sworn to on July 10, 2008, the Petition for Removal dated June 30, 2008 and the Exhibits

annexed and upon all the papers and proceedings previously had herein, the undersigned will

move this Court, before the **Hon. Shira A. Scheindlin**, United States District Judge, at 500 Pearl

Street, New York 10007, at a date and time to be determined by the Court for an order pursuant

to 28 USCS 1447 remanding this case to the Surrogate's Court of Westchester County on the

grounds that the removal from State Court to Federal Court was untimely, improper and that

Kevin McKeown has waived any right to removal, and for such other and further relief as to this

court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  Raleigh, North Carolina
         July 10, 2008

POYNER& SPRUILL LLP
Attorneys for Mary Virga

By

Thomas K. Lindgren (6081)
P.O. Box 10096
Raleigh, N.C.  27605-0096
Telephone:  919.783.2827
Fax:  919.783.1075

To:  Kevin McKeown, Respondent <u>Pro Se</u>
     P.O. Box 616
     New York, New York  10156

     Patricia Bave Plannel, Esq.
     Wilson, Bave, Conboy, Cozza & Couzens, P.C.
     Attorneys for Mary McKeown Virga
     2 Williams Street
     White Plains, New York  10601

     Frank Streng, Esq.
     McCarthy Fingar LLP
     Attorneys for Thomas J. McKeown
     11 Martine Avenue – 12th Floor
     White Plains, New York  10606

     Joseph McQuade, Esq.
     McQuade & McQuade
     104 East 40th Street
     New York, New York  10016

     Deborah Smith McKeown
     5 North Edgewood Road
     Niantic, Connecticut  06357

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X

Probate Proceeding, Miscellaneous and
Accounting Proceedings in the Estate of

MARGARET A. McKEOWN,

                                    Deceased

-----------------------------------------------X

**08 CIV. 5914**
**Surrogate's  Court Westchester County**
**File No. 2239/2003**

**AFFIDAVIT IN SUPPORT OF**
**MOTION TO REMAND**

**For Referral to the Hon. Shira A.**
**Scheindlin as related to**
**08 CIV 2391 (SAS)**

STATE OF NORTH CAROLINA    )
                                          )
COUNTY OF WAKE              )

THOMAS K. LINDGREN, being duly sworn, deposes and says:

1.      I am an attorney at law admitted to practice in the courts of New York and in North Carolina and admitted to practice in the Southern District of New York and am a member of the firm of Poyner & Spruill, co-counsel with Patricia Bave-Planell, attorneys for the respondent, Mary McKeown Virga in the above Probate Proceeding in Surrogate's Court, Westchester County. I make this affidavit in support of the Motion of Mary McKeown Virga to remand this case from Federal Court back to State Court. I am familiar with the facts set forth in this affidavit based upon my representation of Mary Virga in this matter since June, 2004.

2.      Decedent Margaret McKeown died on August 26, 2003, survived by her four adult children:  Mary, Kevin, Thomas and Ronald.  Pursuant to her last will and testament dated May 31, 2003, Mary Virga and Kevin McKeown were named as Co-Executors.

3.      Kevin McKeown filed a Petition for Removal on June 30, 2008.  Annexed as Exhibit A is the Petition for Removal and accompanying papers.

4.      On the same day, June 30, 2008, The Honorable Gerald Loehr, Acting Surrogate, rendered his Decision and Order on a Motion and Cross Motions for Summary Judgment.  Kevin

McKeown did not file any opposition to the Motion or Cross Motions for Summary Judgment. Annexed as Exhibit B is a copy of Judge Loehr's Order and Decision.

5.      This Estate Proceeding which Kevin McKeown seeks to have removed and adjudicated in Federal Court was commenced in Surrogate's Court of Westchester County on September 4, 2003 by the filing of a Probate Petition. The Estate proceeding was commenced by Kevin McKeown, the same person who now seeks to have this action removed.   Kevin McKeown commenced the proceeding as Co-Executor of the Estate of Margaret McKeown.

6.      This matter should be immediately remanded to Surrogate's Court, Westchester County, on each of the following grounds:

      A.      The Petition for Removal was not timely filed;

      B.      That Kevin McKeown waived his right to removal by participating in State Court proceedings for over 4 years.

      C.      That Kevin McKeown has waived his right to removal since he is only seeking to resort to this Court as a pretext for "appealing" adverse decisions against him in the State Court Surrogate's proceeding.

      D.      That this Court had no original jurisdiction over this matter.

**A.      PETITION FOR REMOVAL WAS NOT TIMELY FILED.**

7.      It is uncontroverted that the underlying Probate Proceeding in Surrogate's Court, Westchester County, was commenced in September 2003 and clearly this Petition for Removal has not been filed within 30 days.

8.      Kevin McKeown claims that notice is timely under 28 USCS § 1446(b) in that three Orders of the Honorable Gerald Loehr dated June 13, 2008, June 14, 2008 and June 16, 2008 set forth removable federal claims which triggered the thirty-day removal period. Annexed as Exhibit C are the three Orders which Kevin McKeown refers to.

9.      Kevin McKeown sets forth no legal authority demonstrating that the three Orders set forth any possible federal questions and two of the three Orders were Discovery Orders of Preclusion granted upon default against Kevin McKeown for his failure to provide discovery pursuant to a prior discovery Order.

10.     The three Orders which Kevin McKeown claims make his Petition timely were simply three Orders which went against him.  To date, we have not received any Notices of Appeals regarding these Orders.

**B.    PETITIONER HAS WAIVED HIS RIGHT TO REMOVAL BY PARTICIPATING IN THE STATE COURT PROCEEDINGS FOR ALMOST 5 YEARS.**

11.     In the probate matter, Petitioner Kevin McKeown filed approximately 20 Motions and has made at least as many applications in writing and in Court for various types of relief.  He has also appeared in Court probably in excess of 25 times since September 2003.  Although he is presently representing himself pro se, he has been represented by two separate legal counsel in the past.

12.     In Hill v. Citicorp, 804 F. Supp. 514 (S.D.N.Y. 1992), the Court in remanding a case ruling that Petitioner had waived their right to removal by participating in State Court proceedings stated at p. 517:

> In cases removed under section 1446, defendants who have filed a removal petition within the thirty-day limit may nevertheless waive their right to remove where they demonstrate an intention to litigate in the state forum.  Such an intent is shown where defendants take affirmative action in state court, such as initiating motion practice, not where their action in state court is merely defensive, such as responding to an ex parte order to show cause.  See [**8] Heafitz v. Interfirst Bank of Dallas, 711 F. Supp. 92, 96 (S.D.N.Y. 1989) (Leisure, J.).
>
> As the court in Heafitz explained, "the basic inquiry involves the *nature* of the action taken in state court before the removal petition is filed . . . . 'If the motion is made only to preserve the *status quo ante* and not to dispose of the matter on its merits, it is clear that no waiver has occurred.  On the other hand, if a motion seeks a deposition, in whole or in part, of the action on its merits, the defendant may not attempt to invoke the right to remove after losing on the motion.'"  711

3

F. Supp. At 96 (quoting <u>Bolivar Sand Co. v. Allied Equipment, Inc.</u>, 631 F. Supp. 171,173 (W.D. Tenn. 1986).

**C.   PETITIONER HAS WAIVED HIS RIGHT TO REMOVAL SINCE HE IS ONLY SEEKING TO "APPEAL" ADVERSE DECISIONS AGAINST HIM IN THE STATE COURT PROCEEDING.**

13.   The three decisions which Petitioner claims form the basis for removal were

adverse against him and two were granted upon his default.

14.   In <u>Kiddie Rides USA Inc. v. Elektro-Mobiltechnik GMBH</u>, 579 F. Supp. 1476

(C.D. Ill. 1984), the Court ruled in remanding a case back to State Court:

> **[*1480]** However, the Defendant may not, after having argued and lost an issue in state court, remove the action to federal court for what is in effect an appeal of the adverse decision.   <u>O.G. Orr & Co. v. Fireman's Fund Ins. Co.</u>, 36 F.2d 378 (S.D.N.Y. 1929); In <u>Re 73rd Precinct Station House, Borough of Brooklyn</u>, 329 F. Supp. 1175 (E.D.N.Y. 1971).
>
> All things being equal, the Court would probably deny remand based solely on the waiver grounds.   However, the background of this case indicates that Plaintiff may simply be seeking review of the adverse state decision.   After the order of attachment was entered, Defendant entered a special appearance and moved to vacate the order of attachment.   It was not until the motion had been denied that Defendant sought removal.
>
> The actions taken by the Defendant combined with the untimeliness of the removal, are sufficient to constitute a waiver on the part of the Defendant.

15.   Kevin McKeown by filing the Petition for Removal is attempting to "appeal"

three adverse decisions.

**D.   THE STATE COURT MATTER IS A "PURELY PROBATE" STATE SURROGATE'S COURT PROCEEDING AND THE FEDERAL COURTS HAVE NO JURISDICTION OVER THESE MATTERS.**

16.   The underlying State matter is a "purely probate" matter which the Federal Courts

have consistently declined to accept.

17.   The underlying matter is the Administration of the Estate of Margaret A.

McKeown.   The Second Circuit Court of Appeals in <u>Lefkowitz v. The Bank of New York</u>, 528

4

F.2d 102, 2007 U.S. App. Lexis 15337 (2nd Cir. 2007) clarified the "Probate Exception" to federal jurisdiction subsequent to the Supreme Court's ruling in <u>Marshall v. Marshall</u>, 547 U.S. 293, 126 S. Ct. 1735, 164 L. Ed. 480 (2006).

18.    In <u>Lefkowitz</u>, which was a case dealing with a Motion to Dismiss and not on a Motion to Remand, the Second Circuit upheld those portions of the dismissal that were involved with the administration of the Estate, probate of a will or any other purely probate matter.

The Court in <u>Lefkowitz</u>, ruled:

> "The Complaint in <u>Moser</u> alleged several counts of fraudulent concealment and constructive fraud in connection with probate of the decedent's will. After analyzing the probate exception, we held that the action pending in the federal court was "nothing more than a thinly veiled will contest." <u>Id</u>. at 340-41. Noting that the federal court's determination of whether the defendants acted fraudulently would predetermine the result to be reached in the Surrogate's Court -- the petitioner would be able to set aside the Probate Decree in state court only if she could show her consent had been obtained by fraud -- we concluded that the action in federal court would "interfere with probate proceedings" and dismissed the case under the probate exception. <u>Id</u>. at 342.

19.    In this case, Kevin McKeown seeks to have the Probate Proceeding removed to Federal Court. Such removal is clearly improper.

20.    The Court under any of the four above enumerated sections should remand this case to Surrogate's Westchester Court where the Court has already ruled upon the final disposition of the Estate of Margaret McKeown.

WHEREFORE, you deponent respectfully that the Court issue an immediate order pursuant to 28 USCS 1447 remanding this case to Surrogate's Court Westchester County together with such other and further relief which this court deems proper.

Thomas K. Lindgren

5

Sworn to and subscribed
before me this 10th day of
July, 2008.



Notary Public

My Commission Expires:

11-13-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

Probate Proceeding, Miscellaneous and
Accounting Proceedings in the Estate of

    MARGARET A. MCKEOWN,

                Deceased.

-----------------------------------------------------------------X

**08 CIV 5914**

08cv_____

(Surrogate Court/West.
Index No. 2239/2003)

### NOTICE OF REMOVAL

*For referral to the Hon. Shira A. Scheindlin
as related to 08cv2391 (SAS)*



**To:**  Clerk, United States Court for the
      Southern District of New York
      United States Court House
      500 Pearl Street
      New York, New York 10007

      Clerk, Surrogates Court of
      Westchester County
      111 Dr. Martin Luther King, Jr. Blvd.
      White Plains, New York

      Michael Mason Smith
      192 Mica Hill Road,
      Durham, Connecticut 06422

      Daniel Gerard Walsh, Esq.,
      DelBello Donnellan, et al.
      One North Lexington Avenue
      White Plains, New York 10601

      Frank W. Streng, Esq.
      McCarthy Fingar LLP
      11 Martine Avenue,
      White Plains, New York 10606

      Mr. Charles A. Giulini, Jr., Esq.
      and Christine Giulini, Esq.,
      Giulini & Giulini,
      274 Madison Avenue, Suite 402
      New York, New York 10016

      Deborah S. Smith,
      5 North Edgewood Road
      Niantic, Connecticut 06357

RECEIVED
SURROGATE'S COURT

JUN 3 0 2008

WESTCHESTER COUNTY
ACCOUNTING DEPT

1

Patricia Bave-Planell, Esq.,
Wilson, Bave, Conboy, Cozza & Couzens, LLP
Two Williams Street, White Plains, New York 10601

Thomas K. Lindgren, Esq.,
Poyner & Spruill, LLP,
3600 Glenwood Avenue
Raleigh, North Carolina 27612

Joseph F. McQuade, Esq.,
McQuade & McQuade
104 East 40th Street,
New York, New York 10016

The Charities Bureau of The NYS Attorney General
120 Broadway, New York, N.Y. 10271

State of Texas Attorney General
Attention: Ronald R. Del Vento, Assistant Attorney General
P.O. Box 12548, Austin, Texas 78711-2548

Peter J. Creedon, Esq.
Creedon & Gill
24 Bellemeade Avenue, Smithtown, New York 11787

Our lady of Perpetual Help Church
555 Pelham Manor Road,
Pelham Manor, New York, New York 10803

**PLEASE TAKE NOTICE** that Respondent in the above captioned proceedings,

Kevin McKeown, hereby removes all matters in the Estate of Margaret A. McKeown to the

United States District Court for the Southern District of New York (Foley Square) pursuant to

28 U.S.C. § 1446, the All Writs Act, 28 U.S.C. § 1651(a), *inter alia.*

**Timeliness of the Notice** - This notice is timely under 28 U.S.C. §1446(b) as three (3)

orders, dated June 16, 2008, June 19, 2008 and one undated, but submitted June 13, 2008, set

forth removable federal claims which triggered the thirty-day removal period. (See attached

Exhibit "A")

**Nature of the Claims to be Removed** - As the removed Estate matters are currently the underlying subject of a federal action in the Southern District of New York (Foley Square) before the Honorable Shira A. Scheindlin (08cv2391) (SAS) involving 28 U.S.C. § 1331, 28 U.S.C. §§ 1343(3), 42 U.S.C. §1983 and the First and Fourteenth Amendments to the United States Constitution, and as the three actions are alleged to have been advanced under the color of law Within the preceding 30 days, removal is timely and appropriate.

Under the color of law, the Surrogate's Court of Westchester County, and state actors, have acted without Jurisdiction in the estate since November 4, 2003, as the lack of the proper substitution of a party in an action renders all subsequent orders null and void as the court lacks jurisdiction (*see, Bossert* v *Ford Motor Co.*, 140 AD2d 480; *Silvagnoli* v *Consolidated Edison Employees Mut. Aid Socy.*, 112 AD2d 819). Accordingly, each and every order in the Estate of Margaret A. McKeown since November 4, 2003 is VOID as a matter of law (*see, Byrd* v *Johnson*, 67 AD2d 992). (See also, CPLR 1015, 1021). This action is separable as the herein respondent is the only respondent to advance the required action, *inter alia*. (See Exhibit "A")

When a federal court has jurisdiction over its case in chief, as does the district court here, the All-Writs Act grants it ancillary jurisdiction to issue writs "necessary or appropriate in aid of" that jurisdiction. Even before a federal judgment is reached, however, the preservation of the federal court's jurisdiction or authority over an ongoing matter may justify an injunction against actions in state courts. Such "federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 295, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970) (dicta)(Anti-Injunction Act). Additionally, the recent 3 actions under the color of law grants jurisdiction to this federal district court. See also In re Diet Drugs, 282 F.2d 220, 231-232 (3d Cir.

2001), as to the notice of removal base on §1651(a), as immediately stripping the state court of

jurisdiction, equivalent to a notice based on 28 U.S.C. §§1441 and 1446(d); see also Neuman v.

Goldberg, 159 B.R. 681, 685 (S.D.N.Y., 1993); United States v. City of New York, 972 F.2d 464,

469 (2d Cir. 1992). The critical interest to be served here by removal is preservation of the District

Court's own jurisdiction. Thus, the All Writs Act, 28 U.S.C. § 1651 provides a sufficient basis for

removal.

## CONCLUSION

For all the foregoing reasons, It is respectfully suggested following removal per Local Civil

Rule 1.6, the Clerk should assign this matter to the Hon. Shira A. Scheindlin (08cv2391)(SAS).


WHEREFORE, pursuant to 28 U.S.C. §§ 1446 and 1651, Respondent hereby removes all

matters in The Estate of Margaret A. McKeown (West. Surrogate's Court Index # 2239/2003) to the

United State District Court for the Southern District of New York (Foley Square).


## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the ~~plaintiff~~ Respondent in the above action, that he
has read the above ~~1st amended complaint~~ and that the information contained ~~in the complaint is~~ true
and correct, 28 U.S.C. § 1746; 18 U.S.C § 1621.


Respectfully submitted,

Dated: New York, New York
June 30, 2008

*Kevin McKeown*

Kevin McKeown
P.O. Box 616
New York, New York  10156
212-591-1022 tel
212-591-6022 fax

4

SURROGATE'S COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
————————————————————X
ACCOUNTING BY GEORGE J. LAMBERT

                                 DECISION and ORDER
                                 File No. 2239/2003(B)

As the Administrator CTA of

the ESTATE OF

      MARGARET A. McKEOWN,
      A/K/A MARGE McKEOWN

                   Deceased

————————————————————X

LOEHR - ACTING SURROGATE

      The following papers numbered 1 to 7 were read on the motions of Mary Virga,

Thomas McKeown and of the Public Administrator for Judicial Settlement of Account.

                                    Papers Numbered

| | |
|---|---|
| Notice of Motion of Mary Virga -Exhibits | 1 |
| Notice of Cross Motion of Thomas McKeown | 2 |
| Exhibits | 3 |
| Notice of Cross-Motion of George Lambert - Exhibits | 4 |
| Affidavit in Partial Opposition of Lindgren | 5 |
| Affidavit in Opposition of Streng | 6 |
| Reply Affirmation of Walsh | 7 |

      Upon the foregoing papers, Mary Virga filed a Petition for Judicial Settlement of

Account as Preliminary Executrix of the estate on September 30, 2007. On May 30, 2008 the

Court approved Mary's Preliminary Accounting and directed that a decree be submitted. The decree was signed on June 30, 2008.

The Public Administrator has submitted his final accounting of the within Estate by the filing of a Petition of Judicial Settlement of Account of Administrator, CTA. Mary's Decree includes payments not yet made which must be deducted from the Public Administrator' balance on hand of estate assets:

a. $5,000.00 to John Virga for funds advanced to the estate for administrative expenses; and

b. $7,846.99 in commissions to Mary as Preliminary Executrix.

The Public Administrator sought the following relief:

a. That the legal fees of Delbello Donnellan Weingartedn Wise & Wiederkehr LLP for their legal services in these proceedings in the amount of $105,460.43 be approved and paid with leave to request additional legal fees upon submission of appropriate supporting documentation. The application is granted.

b. That the Public Administrator be a allowed commissions in the amount of $22,830.19. The application is granted.

c. That the Public Administrator be allowed costs in the amount of $5,513.37. The Application is granted.

d. That the legal fees of Parisi & Patti, LLP in the amount of $2,700.00 be approved. The application is granted.

e. That the professional/accountant fees of Hoberman, Miller, Goldstein & Lesser, P.C. In the amount of $3,100 be approved. The application is granted.

2

f. That the Public Administrator be authorized to hold a reserve of $750.00. The application is granted.

g. That the claims of the City of Yonkers, Discover Financial Services and CitiCorp Credit Services be denied. The Application is granted.

h. That Mary be reimbursed $830.29 as and for administrative expenses she incurred as Preliminary Executrix. The application is granted.

i. That John Virga be reimbursed the amount of $5,000.00 as and for a loan he made to the estate. The application is granted.

j. That the sum of $5,000.00 be paid to Our Lady of Perpetual Help pursuant to Article Third A of the decedent's Last will and Testament. The Application is granted.

k. That the decedent's silverware be distributed to Mary pursuant to Article Third B of the decedent's Last Will and Testament. The application is granted.

l. That the estate, after payment of outstanding expenses of administration, be paid pursuant to Articles Fourth and Fifth of the decedent's Last Will and Testament. The application is granted.

m. That the Public Administrator and his bond be released and discharged. The application is granted.

By Order dated June 16, 2008 Kevin's Answer and Objections were stricken by the Court. Kevin is not entitled to any payment out of the estate because the Judgments entered against his interest in the estate, together with interest, the amount of unpaid loans by the decedent to Kevin, and the amounts withdrawn by Kevin from the decedent's bank accounts exceed any payments that would otherwise have been payable to Kevin from the

3

estate. There is currently $130,288.30 in Judgments and interest against Kevin's interest in the estate and Kevin is indebted to the estate in the minimum amount of $160,000.00.

Thomas is not entitled to any payments out of the estate because he is indebted to the estate in the minimum amount of $200,000.00 the amount of unpaid loans to Thomas from the decedent which exceed any payments that would otherwise have been payable to Thomas pursuant to the decedent's Lat Will and Testament.

The distribution to Mary should be reduced by $14,051.00, the amount of unpaid loans by the decedent to Mary.

The distribution to Deborah should be reduced by $17,251.39, the amount of unpaid loans by the decedent to Ronald and Deborah.

Settle a decree.

The foregoing constitutes the Decision and Order of the Court.

Dated: White Plains, NY
      June 30 2008

_____
HON. GERALD E. LOEHR
ACTING SURROGATE

TO:  Mr. KEVIN McKEOWN
     Pro Se
     P.O. Box 616
     New York, New York 10156

4

FRANK W. STRENG, ESQ.
McCARTHY, FINGAR, DONOVAN, DRAZEN & SMITH, LLP
Attorneys for Thomas McKeown
11 Martine Avenue
White Plains, New York 10606-1934


PATRICA BAVE-PLANELL
WILSON, BAVE, CONBOY, COZZA & COUSINS
Attorneys for Mary McKeown Virga
Two William Street
White Plains, New York 10601

MICHAEL MASON SMITH
Administrator - Estate of Ronald P. McKeown, Jr.
192 Mica Hill Road
Durham, Connecticut 06422


DANIEL G. WALSH, ESQ.
DELBELLO, DONNELLAN, WEINGARTON, et. al.
Counsel for Public Administrator
One North Lexington Avenue
White Plains, New York 10601

5

At the Surrogate's Court of the
State of New York. Westchester
County, at the Courthouse
located at 111 Dr. Martin Luther
King, Jr. Blvd., White Plains,
New York 10601, on the '9
day of June, 2008

STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF WESTCHESTER
Present: HONORABLE GERALD E. LOEHR, A.J.S.C.
---------------------------------------------------------------x

In the Matter of the Accounting By                    File No. 2239/2003
Mary McKeown Virga as the Preliminary
Executrix of the Estate of

    MARGARET A. McKEOWN                         **ORDER**
       a/k/a MARGE McKEOWN

               Deceased
---------------------------------------------------------------x

      Petitioner Mary Virga, by and through her counsel, having made application to the Court

by Notice of Motion for an Order (i) striking the Answer and Objections to the Preliminary

Accounting filed by Respondent Kevin McKeown, or (ii) precluding Kevin McKeown from

producing any evidence at trial pursuant to Rule 3042 and 3126 of the CPLR, and (iii) directing

that Kevin McKeown waived his right to conduct a deposition of Mary McKeown Virga,

      NOW, upon reading the Notice of Motion dated May 16, 2005, the Affidavit of Patricia

Bave-Planell, Esq. dated May 16, 2008 and the Exhibits annexed thereto, and upon all of the

papers and proceedings heretofore had herein, and the Motion having regularly come on to be

heard and the parties or their attorneys, having appeared on May 30, 2008, the return date for the

Motion, and no opposition to the Motion having been submitted and Kevin McKeown having

failed to appear or otherwise oppose the Motion,

NOW on Motion of Wilson, Bave, Conboy, Cozza & Couzens, P.C., attorneys for Mary McKeown Virga, it is hereby

Ordered and Adjudged  that the Answer to Petition and Objections to Accounting of Kevin McKeown, dated October 30, 2007, submitted in response to the Preliminary Accounting filed by Mary McKeown Virga are stricken by reason of Kevin McKeown's willful and continued failure to comply with the Court's Preliminary Conference Order.

ENTER.

HONORABLE GERALD E. LOEHR,
A.J.S.C.

TO:    CLERK OF THE COURT

KEVIN McKEOWN
P.O. Box 616
New York, NY 10156

McQUADE & McQUADE
104 E. 40 Street
New York, NY 10016

MCCARTHY FINGAR
11 Martins Avenue
White Plains, NY 10606

POYNER & SPRUILL LLP
3600 Glenwood Avenue
P.O. Box 10096
Raleigh, NC 27612-0096

DEBBIE MCKEOWN SMITH
5 North Edgwood Road
Niantic, CT 06357

DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR LLP
1 North Lexington Avenue
White Plains, NY 10606

2

At the Surrogate's Court of the State of New
York, Westchester County, at the Courthouse
located at 111 Dr. Martin Luther King Jr.Blvd.,
White Plains, New York 10601, on the _11_ day
of June, 2008

PRESENT: HON. GERALD E. LOEHR, A.J.S.C.
ACTING SURROGATE

-----------------------------------------------------------X

ACCOUNTING BY GEORGE J. LAMBERT

As the Administrator CTA of                          **ORDER**
the ESTATE OF

                                                     File No. 2239/2003(B)

      MARGARET A. McKEOWN,
      A/K/A MARGE McKEOWN,

             Deceased.

-----------------------------------------------------------X

     Petitioner, George J. Lambert, Westchester County Public Administrator, having made

application by Notice of Motion for an Order striking the Answer and Objections to Accounting

filed by Respondent Kevin McKeown, dated March 14, 2008, in the within proceedings, or, in

the alternative, for an Order precluding Respondent Kevin McKeown from producing any

evidence at trial, pursuant to Rule 3042 and Section 3126 of the Civil Practice Law and Rules.

     NOW, upon reading the Notice of Motion dated May 19, 2008, the Affirmation of Daniel

G. Walsh. Esq., dated May16, 2008, and the Exhibits annexed thereto, and upon all of the papers

and proceedings heretofore had herein, and the motion having regularly come on to be heard on

May 30, 2008 at 9:30 a.m., and the attorneys for the parties appearing in the within proceedings

having appeared on May 30, 2008 and not opposed the aforesaid motion, and Respondent Kevin

McKeown having failed to appear on May 30, 2008 or otherwise oppose the aforesaid motion.

NOW, on motion of DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, attorneys for Petitioner, George J. Lambert, Westchester County Public Administrator, it is hereby

ORDERED, that the Answer to Petition and Objections to Accounting, dated March 14, 2008, filed by Respondent Kevin McKeown in the within proceedings, be and hereby are stricken, by reason of Respondent Kevin McKeown's willful and continued failure to provide a Verified Bill of Particulars in response to Petitioner's Demand for Verified Bill of Particulars or to comply with the Court's Preliminary Conference Order.

E N T E R:

HON. GERALD E. LOEHR, A.J.S.C.

*Denied for the reasons stated into Decision of the Court dated*

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

*February 25, 2008*

---

Probate Proceeding, Miscellaneous and
Accounting Proceedings in the Estate of

MARGARET A. MCKEOWN,

Deceased.

**NOTICE OF MOTION**

File No.: 2239/2003

---

**PLEASE TAKE NOTICE** that upon the annexed Affidavit of Kevin McKeown, sworn to on June 13, 2008, and upon all papers and proceedings heretofore had herein, the undersigned will move this Court before the Honorable Anthony A. Scarpino, Jr., Surrogate, in the Westchester County Courthouse, 111 Dr. Martin Luther King, Jr., Blvd, White Plains, New York on **July 2, 2008,** at 9:30 A.M., or as soon thereafter as counsel may be heard, for

1.  an Order substituting Michael Mason Smith, as administrator of the Estate

    of Ronald P. McKeown, Jr., as party in the herein action; and

2.  granting such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that pursuant to CPLR 2214 (b) Answering affidavits, if any, shall be served at least seven (7) days before the return date.

**Dated:**    New York, New York
June 13, 2008

Kevin McKeown
P.O. Box 616
New York, NY 10156
212-591-1022 (tel)

**To:**

Michael Mason Smith
192 Mica Hill Road,
Durham, Connecticut 06422

*1*

Daniel Gerard Walsh, Esq.,
DelBello Donnellan, et al.
One North Lexington Avenue
White Plains, New York 10601

Frank W. Streng, Esq.
McCarthy Fingar LLP
11 Martine Avenue,
White Plains, New York 10606

Mr. Charles A. Giulini, Jr., Esq.
  and Christine Giulini, Esq.,
Giulini & Giulini,
274 Madison Avenue, Suite 402
New York, New York 10016

Deborah S. Smith,
5 North Edgewood Road
Niantic, Connecticut 06357

Patricia Bave-Planell, Esq.,
Wilson, Bave, Conboy, Cozza & Couzens, LLP
Two Williams Street, White Plains, New York 10601

Thomas K. Lindgren, Esq.,
Poyner & Spruill, LLP,
3600 Glenwood Avenue
Raleigh, North Carolina 27612

Joseph F. McQuade, Esq.,
McQuade & McQuade
104 East 40th Street,
New York, New York 10016

The Charities Bureau of The NYS Attorney General
120 Broadway, New York, N.Y. 10271

State of Texas Attorney General
Attention: Ronald R. Del Vento, Assistant Attorney General
P.O. Box 12548, Austin, Texas 78711-2548

Peter J. Creedon, Esq.
Creedon & Gill
24 Bellemeade Avenue, Smithtown, New York 11787

Our lady of Perpetual Help Church
555 Pelham Manor Road,
Pelham Manor, New York, New York 10803

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---

|  |  |
|---|---|
| Probate Proceeding, Miscellaneous and Accounting Proceedings in the Estate of | **AFFIDAVIT IN SUPPORT OF MOTION** |
| MARGARET A. MCKEOWN, |  |
| Deceased. | File No.: 2239/2003 |

---

| STATE OF NEW YORK | ) |
|---|---|
|  | ) ss.: |
| COUNTY OF NEW YORK | ) |

KEVIN McKEOWN, being duly sworn, deposes and says:

1.      I am a distributee of the above named Decedent, Margaret A. McKeown ("Decedent"), a legatee under the Last Will and Testament of said Decedent, and the nominated co-Executor under said Last Will. I am familiar with the facts and I make this Affidavit in support of my Motion for an an Order substituting Michael Mason Smith, as administrator of the Estate of Ronald P. McKeown, Jr., as party in the herein action, and for such other and further relief as the Court deems just and proper.

## BACKGROUND

2.      On September 4, 2003, Preliminary Letters Testamentary were issued to Petitioner, Kevin McKeown, and his sister, Mary M. Virga. That submission was prepared, executed and filed by New York attorney Joseph McQuade, who had been jointly and formally retained, and paid, by the two named co-executors. Initially, proper service, notice and attorney appearances were filed by the decedent's four interested children: the herein petitioner ("Kevin"), Mary Virga ("Mary"), Ronald P. McKeown, Jr. ("Ronald") and Thomas J. McKeown, Sr. ("Thomas").

3.      Kevin McKeown's Preliminary Letters were temporarily suspended by an *ex parte*
Order dated the 8th day of October, 2003, upon a verified petition that had been prepared, executed,
notarized and filed in court by my own co-retained attorney, Joseph McQuade.  To be clear, on
October 8, 2003, attorney Joseph McQuade, and while simultaneously representing co-clients Kevin
and Mary, he (McQuade) filed *ex parte* papers on behalf of one co-client (Mary) against another co-
client (Kevin) in the same matter (the herein estate).

4.      Upon presentation of public records, *inter alia*, showing Mary Virga's status as a
convicted felon, her authority was suspended on October 28, 2003 by order of this court.  (Note:
Kevin McKeown is not a convicted felon) Later, Ms. Virga replaced attorney McQuade with Mr.
Thomas K. Lindgren, Esq., and who subsequently filed a Notice of Appearance on behalf of Ms.
Virga.  While represented by attorney Thomas Lindgren, Ms. Virga formally advised the court
through filings that she was formally withdrawing any and all desire to be a co-fiduciary of the
herein estate.

5.      At all relevant times, Ronald and Thomas were jointly represented by the same
attorney, first Magdalen Gaynor, Esq., and subsequently, and by proper substitution, McCarthy
Fingar, LLP, and as formerly known in these proceedings as McCarthy, Fingar, Donovan,
Drazen & Smith, LLP.

### Prior to November 4, 2003

6.      Prior to November 4, 2003, the court through filings, and all attorneys of record, by
proper copy and service of all pleadings, were knowledgeable that Ronald P. McKeown, Jr. had
"...a $250,000.00+ Federal tax lien filed against him... and a [then] $492,158.00 judgment...
**[$1,618,482.84 as of December 10, 2007]** by the State of Texas and filed in [his, Ronald's] home
state of Connecticut." The attorneys were also informed that Ronald was then out on bail after being
arrested for allegations involving his theft of over $140,000.00 in 9/11 American Red Cross funds
and had, as a result, pending claims against him by the American Red Cross, as well as the State of

2

Connecticut. Also, all parties interested herein, and their attorneys, were knowledgeable of the fact

that Ronald had been under in-patient and out-patient psychiatric care, pursuant to a criminal court

order, for the then-preceding year. (See Kevin McKeown *Affidavit in Opposition of*

*Removal/Suspension, filed* October 16, 2003)

## November 4, 2003

7.     On November 4, 2003, Ronald P. McKeown, Jr. committed suicide. To date, and

now over four years later, a proper substitution of Ronald's interest as a party in the herein estate,

has never been made. This defect was brought to my attention on Thursday, January 18, 2008.

## Without the Proper Substitution of a Party, This Court Lacks Jurisdiction

8.     I was advised that it is well settled that the lack of the proper substitution of

a party in an action renders all subsequent orders null and void as the court lacks jurisdiction (*see,*

*Bossert* v *Ford Motor Co.*, 140 AD2d 480; *Silvagnoli v Consolidated Edison Employees Mut. Aid*

*Socy.*, 112 AD2d 819) The Surrogate's Court of Westchester County has not had jurisdiction in my

mother's estate since November 4, 2003, except as to the never properly adjudicated issues

concerning the proper substitution of Ronald as an interested party.

## There was a Filing, But Not a Party Substitution

9.     It is uncontested that within days after Ronald's death on November 4, 2003, the

attorney of record for Ronald prior to his (Ronald's) death, presented for filing in the Surrogate's

Court a purported, *and heavily contested by me*, assignment of interest in the herein estate. I have

been recently informed that Ronald's death terminated his attorney's power to act on his behalf

(*Widsom v Wisdom*, 111 AD2d 13). Alarmingly, just days before Ronald's death, the purported

assignment had been prepared for, and executed by, Ronald- an assignor known to have attempted

suicide numerous times within the previous year. And despite the attorney's knowledge that his

authority to act as attorney on behalf of the assignor upon his (the assignor's) death, that attorney

caused the assignment to be presented to this court within days of his death. Notably, and as a result

3

of Ronald's death, the herein estate proceedings were stayed as a matter of law on November 4, 2003,

but improperly not in practice, pending the substitution of a legal representative (*Weber* v *Bellinger*,

124 AD2d 1009). Accordingly, each and every order in the Estate of Margaret A. McKeown since

November 4, 2003 is VOID as a matter of law (*see, Byrd* v *Johnson*, 67 AD2d 992).


### Another Filing but Still Not a Proper Party Substitution


10.    On or about December 16, 2003, Charles A. Giulini, Jr., Esq., of Giulini & Giulini,

filed a *Notice of Appearance* on behalf of the purported assignee of Ronald's purported assignment.

In fact, Ronald's purported assignment was filed in the Westchester County Surrogate's Court as an

attachment to attorney Charles A. Giulini's December 16, 2003 *Notice of Appearance* on behalf of

the assignee, Ronald's widow. However, and though the assignment at issue was paid for and

presented to the court in November of 2003, it was, by way of a court "administrative oversight" not

formally entered in this court until July of 2007 (see, Court Clerk's July 2007 dated letter). At all

times relevant, the Giulini attorneys advanced their fraud upon this court, the second department

appellate division and the estate.

11.    While I believe relief from damages caused me by the outrageous acts meant to

defraud me, this court, the States of Connecticut and Texas, The American Red Cross and my

mother's intentions are warranted, they are for another day in subsequent proceedings. I simply wish

to note here that the clear purpose of the assignment was to improperly prefer the assignee over the

known laws of New York and the claims of legitimate creditors. In fact, the assignee avoided filing

Ronald's will for probate in Connecticut even though she was the sole beneficiary under that will

(Note: she was NOT the named executor of Ronald's will). The attempt to conceal a will is a

criminal act under Connecticut law. The East Lyme Connecticut Probate Court created, by decree

signed December 9, 2004, an estate in the name Ronald P. McKeown, Jr.- **13 months after his**

**death, and only upon MY application.** Even then, a proper substitution was never filed in these proceedings. In addition, the assignor's will was not produced until almost ten months after his death and, again, only **after** I petitioned the Connecticut Probate Court for a Connecticut administrator to be appointed. Only then did the will get presented. (Section 18 of the Connecticut Probate Law *requires* that a will be presented for filing within 30 days of death. Connecticut General Statutes section 45-165 makes it a crime to conceal any testamentary instrument after death.) **Notably, New York attorney Christine Giulini, and who has improperly and actively appeared in herein estate proceedings after November 4, 2003, was, at all times relevant, also admitted to practice law in the state of Connecticut and fully familiar with estate filing requirements in both states.**

12.    The purported assignment is not valid as it was drafted, executed, filed and relied upon to defraud known creditors in violation of New York Debtor & Creditor Law 273 and 273-a, *inter alia.* By law, it is not a valid instrument to be relied upon. Deborah Smith's standing as a purported assignee has always been improper, contrary to law, and not in the best interest of the Estate of Margaret McKeown. The improper presence of Deborah Smith McKeown *as assignee* has only been a detriment to the herein proceedings. Michael Smith as fiduciary of Ronald's Connecticut estate has always had standing in the herein estate, but he has chosen to neglect his obligation where there is a clear conflict between seeing his sister gain through the fraudulent assignment, or honoring his duty to gather assets in NY for deposit into the CT estate and where creditors claims should be paid.

13.    To date, no proper party substitution has ever been made by: (a) the assignee Deborah Smith; (b) Ronald's estate's administrator, Michael Smith; (c) New York attorney Charles A. Giulini, Jr.; (d) New York and Connecticut admitted attorney Christine Giulini; (e) former estate attorney Joseph McQuade; (f) The Public Administrator, George Lambert; (g) The Public Administrator's attorney Daniel Walsh; or (h) **Robert A. Korren, Esq., who at all times relevant was the attorney for the Public Administrator, and who advised me in February of 2008 that he, in fact, knew that Ronald's death stayed all estate proceedings and that no orders should have been made**

<u>until a proper party was substituted</u>. I believe the public administrator and his law firm's collective failure to insure proper party substitution **DEMANDS** their immediate and permanent disassociation with the herein estate, and proper referral to appropriate agencies for investigation and action.

14.    **The current application is essential to the long-overdue administration of my mother's estate.** In *Brown v Konczeski*, 242 A.D.2d 847, that court, while firm in the lower court's lack of jurisdiction pending proper party substitution, commented that, "[w]e note that the application on appeal was not a motion to dismiss for failure to substitute a personal representative within a reasonable time made on notice to the persons interested in the estate (see, <u>CPLR 1015, 1021)</u>" I, acting without an attorney at all times relevant, only became aware of this deficiency on Thursday, January 17, 2008, and have been severely prejudiced, harmed and damaged by the numerous and purported orders issued since November 4, 2003. Once the required proper party substitution of party is made, I intend to seek appropriate redress as constitutionally guaranteed.

15.    The well-known intention of my mother, right up until the moment she died, to see that the American Red Cross monies taken by Ronald be repaid, **DEMANDS** long-awaited justice in these proceedings. I have been severely harmed by not going along with the intended criminal acts of those who advanced the fraudulent assignment and who knowingly failed to file required on-notice substitution of party papers. I have no other adequate remedy of law.

**WHEREFORE**, your deponent respectfully prays that the Court enter an Order substituting Michael Mason Smith, as administrator of the Estate of Ronald P. McKeown, Jr., as party in the herein action, and for such other and further relief as the Court deems just and proper.

Dated: June 13, 2008
      New York, New York

Kevin McKeown

**Sworn to before me
this 13th day of June, 2008**

Notary Public

MARLENA NANAU
Notary Public    State of New York
NO. 01NA6189613
Qualified in Queens County
My Commission Expires

6