USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
                                    :   08 Civ. 5914 (RJH)
                                    :
IN RE ESTATE OF MARGARET MCKEOWN    :   **ORDER**
                                    :
                                    :
------------------------------------x

On June 30, 2008, Kevin McKeown, a respondent in the above-captioned probate proceeding, removed this action from New York Surrogate's Court, Westchester County, to this Court. Respondent Mary McKeown Virga has filed a motion to remand this action to the state probate court.

Under 28 U.S.C. § 1441(a), any civil action in which a federal district court could exercise original jurisdiction may be removed from state court to the district court where the state action is pending. The instant action is not removable because it is a state law probate proceeding over which the Court does not have original jurisdiction.[1]

However, Mr. McKeown asserts that removal is based not on the underlying probate proceedings but on three orders of the state probate court that Mr. McKeown contends "set forth removable federal claims," citing 28 U.S.C. § 1446(b). (Notice of Removal 2.) Under 28 U.S.C. § 1446(b), if a case is not removable as originally filed, it still may be removed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." The orders in question consist of two orders granting motions to strike submissions made by

---

[1] It is unclear that a respondent in a probate proceeding such as Mr. McKeown is a "defendant" with a right of removal. See 28 U.S.C. § 1446 (describing procedures for removal by a "defendant" or "defendants"). Because there is no basis for removal in this case, however, the Court need not address this issue.

Mr. McKeown in the state court proceedings and one order denying Mr. McKeown's motion for substitution of a party in the state court proceedings. (Notice of Removal Ex. A.) These orders do not render this action removable.

For the reasons stated herein, Ms. Virga's Motion to Remand [5] is GRANTED. The Clerk of the Court is directed to remand this case to New York Surrogate's Court, Westchester County.

SO ORDERED.

Dated: New York, New York
August 7, 2008

Richard J. Holwell
United States District Judge